UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

IN RE:

Stacey Esther Woodington,

Debtor(s)

Case No. 20-00698-JMM

Chapter 13

ORDER CONFIRMING CHAPTER 13 PLAN

IT HAVING BEEN DETERMINED AFTER NOTICE AND HEARING THAT:

1. The Chapter 13 plan, Docket No. 3, complies with the provisions of 11 U.S.C. § 1325.

2. Debtor(s) filed all state and federal tax returns required by law to be filed for all taxable periods ending the 4-year period prior to the filing of this bankruptcy.

3. Debtor(s) have paid all domestic support obligations, as defined in 11 U.S.C. § 101(14A), that first became due and payable after the filing of this bankruptcy which they were required to pay by a judicial or administrative order or by statute.

4. Debtor and Trustee agree to the following:

    a.    Since the filing of the petition, Debtor settled a pre-petition personal injury claim for $55,000, from which she paid $10,000 in subrogated claims and $18,880.67 to her personal injury attorney before receiving $26,119.33.  Trustee had timely objected to Debtor's claim of exemption in the claim on the grounds that the personal injury funds received by debtor are not necessary for her support and welfare.  Before resolution of that objection to Debtor's claim of exemption, Debtor spent approximately $12,119.33 of said proceeds.  Debtor herein agrees said funds are not exempt.  Consequently, to satisfy § 1325(a)(4), and, Debtors' plan must pay $26,284.24 to the unsecured claims (aggregating to $22,469.38 plus $4,000 in attorney fees) in full, plus 3% interest per annum.

    b.    Of the $26,119.33 in settlement proceeds Debtor received, she has turned over to the trustee $14,000.  Trustee and Debtor agree that Debtor may use up to the sum of $4,000 for the purposes of relocating (hereinafter the "Relocation Funds").  The Relocation Funds are to be disbursed to Debtor upon confirmation.  The remaining $10,000 shall be added to Debtor's plan base and, upon confirmation, distributed to Debtor's unsecured creditors in accordance with her plan.

  c. Additionally, since the filing in the Petition, Debtor paid Mountain America Credit Union on account of the claims it filed in this case. Trustee shall be entitled to her trustee's fees, pursuant to 28 U.S.C. §586, for the amounts she would have received has those claims been paid through the plan.

  d. Trustee and Debtor agree that in order to fund the plan, the term of Debtor's plan is extended to sixty (60) months and Debtor's monthly plan payments will increase to $435 commencing with the payment due in January 2021 for the remaining term of the plan or to such time as all unsecured creditors have been paid 100% of their allowed claims, plus 3% interest per annum.

  e. Debtor agrees that during the term of the plan she may not withdraw her exempt funds from her Vanguard retirement account without prior approval of the Trustee or the Court.

  f. As a consequence for Debtor's unauthorized use of the personal injury settlement funds, and should this case be dismissed for whatever reason, Debtor shall be barred from filing a subsequent bankruptcy case under any chapter for two years from the date of dismissal.

IT IS HEREBY ORDERED THAT:

The agreement between Debtor and Trustee in ¶ 4, *infra*, is hereby approved and the Chapter 13 Plan is confirmed and related motions are granted, incorporating the following modifications:
  a. Trustee's objection to Debtor's claim of exemption is sustained.
  b. Debtor's plan is extended to sixty (60) months;
  c. Commencing with the payment due in January 2021, Debtor's monthly plan payments shall increase to $435 for the remaining term of the plan or until all unsecured creditors have been paid 100% of their allowed claims, plus 3% interest per annum.
  d. Debtor may not withdraw funds from her Vanguard account without prior approval of the Trustee or the Court.
  e. If this case is dismissed for whatever reason, Debtor shall be barred from refiling a bankruptcy petition under any chapter for two years from the date of dismissal.

DATED: February 24, 2021

_____
JOSEPH M. MEIER
CHIEF U. S. BANKRUPTCY JUDGE

/s/Kathleen McCallister, Trustee

/s/Holly E Sutherland, Counsel for the Debtor

/s/Stacey Esther Woodington, Debtor